**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:17-cr-00008-HDM-WGC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CONNOR TIMOTHY WOODS, | ) | |
| Defendant. | ) | |

Before the Court is defendant's motion for reconsideration of the denial of the motion for suppression of evidence (ECF No. 78). The government responded (ECF No. 85), and defendant replied (ECF No. 87).

The sole issue raised in the defendant's motion is that a detective of the Reno Police Department, in response to a request by the defendant, said he would contact the FBI and ask if they would speak to the defendant. Thereafter, the defendant admitted to his involvement in the Robbery. The defense contends this conduct rendered his statement involuntary. Upon reviewing the record, the Court finds no evidence that the Reno Police Department detective made promises that provided the defendant with a tangible

benefit relating to his charges or confinement. Further, the evidence now relied on by the defendant does not establish that the detective's promise to contact the FBI was sufficiently compelling to overbear defendant's will in light of all the attendant circumstances. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988); *Schneckloth v. Bustamonte*, 412 U.S. 218, 226-27 (1973). Finally, the Court finds that the agreement of the detective to contact the FBI did not rise to the level "of the kind of misbehavior that so shocks the sensibilities of civilized society..." as to render the confession involuntary. *Ortiz v. Uribe*, 671 F.3d 863, 869 (9th Cir. 2011) (internal citations omitted).

Accordingly, defendant's motion for reconsideration (ECF No. 78) is **DENIED**.

IT IS SO ORDERED.

DATED: This 15th day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE